# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

**CHRISTOPHER WAYNE WEBB,**

    Plaintiff,

v.

**JUDGE MARK CAMPBELL,**

    Defendant.

No. CIV 11-411-RAW-SPS

FILED
JAN 25 2012
WILLIAM ... GUTHRIE
Clerk, U.S. District Court
By _____ Deputy Clerk

## OPINION AND ORDER

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Lawton Correctional Facility in Lawton, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking declaratory and injunctive relief for alleged constitutional violations during his criminal prosecution in Bryan County District Court Case No. 2009-386 for Lewd or Indecent Proposals/Acts to a Child. The defendant is Bryan County District Judge Mark Campbell.

Plaintiff alleges Judge Campbell repeatedly denied his writs and motions, based on Judge Campbell's prejudice and indifference toward him. Plaintiff further claims that after a 28-month delay, Judge Campbell violated his constitutional rights by denying his right to exculpatory evidence. Judge Campbell also allegedly denied plaintiff's right to compulsory process to favorable witnesses, as well as his right to phone and dispatch records, expert witnesses, and a private investigator. On September 22, 2011, Judge Campbell allegedly denied plaintiff's motion to dismiss, and the next day Judge Campbell allegedly denied plaintiff's request for a stay of proceedings that was based on plaintiff's federal action concerning speedy trial violations. In addition, plaintiff allegedly was denied court

appearances and bond reduction. Plaintiff asserts Judge Campbell's alleged abuse of authority intimidated him from further exercise of his constitutional rights.

Plaintiff contends he has exhausted all his administrative remedies by filing writs and motions for relief with Judge Campbell. He is asking this court to grant injunctive and declaratory relief, sanctions against the defendant, "nominal relief," and disciplinary censor(s) [sic].

"[J]udges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 734-35 (1980) (citations omitted). *See also Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

> [T]he immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

*Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (citations omitted). *See also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.") (quotation and footnote omitted).

Regarding plaintiff's unspecified requests for injunctive and declaratory relief, judicial officers are explicitly immunized against suits for injunctive relief under 42 U.S.C. § 1983. In addition, plaintiff has failed to specify what form any declaratory relief would take. A declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act. *See Utah*

*Animal Rights Coal. v. Salt Lake City Corp.*, 371 F.3d 1248, 1266 (10th Cir. 2004) (McConnell, J., concurring) ("[A] declaratory judgment action involving past conduct that will not recur is not justiciable."). The court finds no cognizable claim for injunctive or declaratory relief.

Finally, plaintiff's request for sanctions against Judge Campbell also fails. "The federal civil rights laws do not provide a vehicle . . . to sanction the conduct of state court judges for actions taken within the scope of their judicial authority." *Bogney v. Jones*, 904 F.2d 272, 274 (5th Cir. 1990). *See also Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986) (noting that federal courts have no supervisory jurisdiction over state courts and are without authority to direct state courts or their officers to perform their duties).

Based on the foregoing reasons, this court is empowered to dismiss the complaint, pursuant to 28 U.S.C. § 1915A:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identity cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. *See also Plunk v. Givens*, 234 F.3d 1128, 1129 (10th Cir. 2000) ("[Section] 1915A applies to all prison litigants, without regard to their fee status, who bring

civil suits against a governmental entity, officer, or employee.").

**ACCORDINGLY,** this action is, in all respects, DISMISSED AS FRIVOLOUS AND MALICIOUS, pursuant to 28 U.S.C. § 1915A(b). Plaintiff is reminded that he must continue to make payments on the filing fee for this action, in accordance with the order granting leave to proceed in forma pauperis, entered on December 7, 2011.

**IT IS SO ORDERED** this 25th day of January 2012.

*Ronald A. White*
RONALD A. WHITE
**UNITED STATES DISTRICT JUDGE**